IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELICE ROSS** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 13-7561 |
| v. | : | |
| | : | |
| **PROJECT H.O.M.E.**, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                  June 2, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court are three motions to dismiss filed by (a) the City of Philadelphia[1] ("City"), (b) Project H.O.M.E., Sister Mary Scullion, Joan McConnon, Joy Thomas, Kanika Stewart and Dana Meeks (collectively, "Individual Defendants"), and (c) Hall-Mercer Community Behavioral Health Center, ("Hall-Mercer"),[2] pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), which seek the dismissal of the federal civil rights claims asserted against them for failure to state a claim on which relief can be granted. [ECF 8, 9, and 10]. Felice Ross ("Plaintiff"), acting *pro se*, has not filed a response to any of the motions, though these motions were properly served unto her and the time for doing so has long passed. The motions to dismiss, therefore, are ripe for disposition.

---

[1] In her *pro se* complaint, Plaintiff did not sue the City of Philadelphia but, instead, sued the Philadelphia Police Department. It is well-settled that a police department is not a proper defendant under 42 U.S.C. §1983. *See Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562, n. 3 (3d Cir. 2005). Given Plaintiff's *pro se* status, however, all pleadings and other submissions by *pro se* Plaintiff will be subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 3339 (3d Cir. 2011). Therefore, Plaintiff's claim against the Philadelphia Police Department will be considered as if asserted against the City of Philadelphia.

[2] Defendant Hall-Mercer Community Behavioral Health Center is incorrectly designated as Hall-Mercer in the complaint.

For the reasons stated herein, the motions to dismiss are granted.

## BACKGROUND

On December 23, 2013, Plaintiff, acting *pro se,* filed a complaint against the Defendants, which construed liberally, purports to assert claims of alleged constitutional violations of her Fourth Amendment rights. [ECF 1 and 3]. Though Plaintiff makes no reference to 42 U.S.C. §1983 ("§1983"), this Court will construe Plaintiff's claims as brought pursuant to §1983, since it alone provides the civil remedy for Fourth Amendment violations.

Although Plaintiff has not responded to Defendants' motions to dismiss, when ruling on these motions, this Court must accept, as true, all relevant factual allegations in the complaint. These allegations can be summarized as follows:

> On December 10, 2013,[3] at approximately 5:30 PM, two unnamed Philadelphia police officers and three staff members for the Connelly House of Defendant Project H.O.M.E. (Defendants Joy Thomas, Kanika Steward and Dana Meeks), broke into Plaintiff's apartment[4] and yelled at Plaintiff that she was sick. The police officers then handcuffed Plaintiff, pulled her out of her apartment, placed her in a police car, and transported her to Defendant Hall-Mercer.
>
> Plaintiff avers that earlier that day, she had emailed Defendant Joan McConnon to request heat in her room. In response, Defendant Kanika Steward went to Plaintiff's room and was alarmed that a cover was not on the heater. Defendant Steward asked Plaintiff if she had torn any wires out, to which Plaintiff responded in the negative. The heater worked from 11:30 until 4:30, at which time maintenance inspected the heater cover, and after maintenance left Plaintiff's apartment, the heat went off and the police arrived.

---

[3] In her complaint, Plaintiff does not specify the year of the alleged incident. For purposes of the underlying motions only and consistent with the motions to dismiss, this Court presumes that the incident occurred in 2013.

[4] It appears from the complaint that Plaintiff was a resident of the Connelly House at the time of the alleged incident.

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of Plaintiff's well-pleaded allegations while drawing reasonable inferences in Plaintiff's favor, *Wallace v. Fegan*, 455 Fed. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)

**DISCUSSION**

As stated, motions to dismiss were filed by Defendant City, Project H.O.M.E. and the Individual Defendants, and Defendant Hall-Mercer. These motions will be addressed seriatim.

*Plaintiff's Claims Against Defendant City*

Construing the complaint liberally, Plaintiff appears to assert a so-called *Monell* claim against Defendant City based upon the December 10, 2013 incident involving unknown Philadelphia police officers, and further contends that Defendant City is liable for the excessive use of force and the deprivation of her constitutional rights caused by the police officers' actions.

It is well-settled that a municipality may be held liable under §1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. New York Department of Social Services*, 436 U.S. 658, 690 (1978). That is, liability may be imposed on a municipality that, under color of some official policy, "causes" an employee to violate another's constitutional rights. However, a governmental entity may not be held liable under §1983 for constitutional violations caused solely by its employees or agents under the principle of *respondeat superior*. *Id.* at 690.

"To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). In addition, a plaintiff must allege facts showing that municipal policymakers established or maintained a policy or

custom which caused a municipal employee to violate the plaintiff's constitutional rights. *Monell*, 463 U.S. at 694. The policy must be the "moving force" behind the constitutional tort. *Id.*; *see also McLaughlin v. Cunningham*, 2014 WL 1225935, at *9 (E.D. Pa. March 25, 2014). Thus, a plaintiff must allege facts showing an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional violation. *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990); *see also Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004). The custom or policy must also exhibit deliberate indifference to the constitutional rights of those it affects. *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996).

As set forth by the Third Circuit:

> A government policy or custom can be established in two ways. Policy is made when a "decision maker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

"[C]ustom requires proof of knowledge and acquiescence by the decisionmaker." *McTernan*, 564 F.3d at 658. In either instance, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850; *see also Andrews*, 895 F.2d at 1480. Widespread behavior by police officers does not amount to a municipal custom unless there is "knowledge and acquiescence by the decisionmaker." *McTernan*, 564 F.3d at 658 (citing *Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007)). A complaint that contains no allegations regarding a municipal policy or custom cannot survive a motion to dismiss. *Breslin v. City & County of Philadelphia*, 92 F.R.D. 764, 765 (E.D. Pa. 1981).

5

Here, Plaintiff makes no allegations in the complaint regarding the existence of a municipal policy or custom which caused her a constitutional injury. Indeed, Plaintiff makes no mention of any municipal policy or custom. Plaintiff's only factual allegations relate to the single event that occurred on December 10, 2013. The complaint, however, is devoid of any factual allegations concerning Defendant City or the Philadelphia Police Department. As such, no reasonable factfinder could plausibly find the existence of a custom or policy of excessive force from the single incident alleged. *Cf., Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989) ("A single incident by a lower level employee acting under color of law . . . does not suffice to establish either an official policy or a custom.").

Plaintiff also fails to identify any municipal policymaker who adopted an unconstitutional policy or custom. A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case. *See Bielevicz*, 915 F.2d at 850 (holding that a plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative affirmation of a policy or acquiescence in a well-settled custom."); *see also Davis v. City of Philadelphia*, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue."). Here, Plaintiff has neither identified a policymaker, nor alleged that such a policymaker created a wrongful policy or custom. Thus, Plaintiff has not alleged facts that could show that a policymaker was "deliberately indifferent" to Plaintiff's constitutional rights. Absent such factual allegations, Plaintiff's *Monell* claims against Defendant City are dismissed.

6

*Plaintiff's Claims Against Project H.O.M.E. and the Individual Defendants*

Construing the complaint liberally, Plaintiff purports to assert §1983 claims against Defendants Project H.O.M.E. and the Individual Defendants for an alleged violation of her Fourth Amendment rights. To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under *color of state law.*" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "The color of state law element is the threshold issue; there is no liability under §1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Private parties may be held liable for §1983 violations only when they have acted under color of law. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). A private party acts under color of state law when the party exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 23 (3d Cir. 1997). That is, a private entity can be considered to act under color of state law by taking on the traditionally exclusive government function being complained of. An action taken by a private entity with the mere approval or acquiescence of the state is not a state action. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Because §1983 was enacted to deter state actors from violating individuals' federal rights, it cannot reach "merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50.

In her complaint, Plaintiff has failed to set forth any facts that could be construed to establish that either Project H.O.M.E. or the Individual Defendants are state actors against whom a constitutional claim may by be asserted. Absent any allegations that these Defendants acted

7

under color of state law on December 10, 2013, when they allegedly entered into Plaintiff's apartment and yelled that she was sick, and exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," Plaintiff's claims against them fail.[5]

*Plaintiff's Claims Against Hall-Mercer*

Plaintiff purports to assert a §1983 claim against Defendant Hall-Mercer for an alleged deprivation of her Fourth Amendment rights resulting during the December 10, 2013 incident. However, the only allegation in the complaint pertaining to Defendant Hall-Mercer is one that references the police officers taking Plaintiff there on the day of the incident. As such, Plaintiff fails to assert any facts that could establish that Defendant Hall-Mercer acted under color of state law. In addition, Plaintiff has not alleged any facts to establish any acts by Defendant Hall-Mercer; let alone acts that could rise to the level of a constitutional violation. Accordingly, the claims against Defendant Hall-Mercer are dismissed.

*Leave to Amend*

Though it is this Court's view that Plaintiff has fallen woefully short of pleading any viable §1983 claims against any of the named Defendants, pursuant to the Third Circuit's directive, Plaintiff has leave to file an amended complaint. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (reiterating rule that leave to amend must be granted *sua sponte* in civil rights actions).

---

[5] Despite naming Sister Mary Scullion as a defendant in the caption of her complaint, Plaintiff makes no mention of Sister Mary Scullion in the description of her claims. It is well-settled that "a defendant must be personally involved in the alleged actions for liability to attach under section 1983." *Bonham v. Givens*, 197 F. App'x 148, 150 (3d Cir. 2006) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976)). Having pled no facts involving Sister Mary Scullion, Plaintiff's claims against her are also dismissed.

**CONCLUSION**

For the foregoing reasons, the three motions to dismiss are granted. Plaintiff shall have twenty days from the date of this memorandum opinion to file an amended complaint. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDC J.